## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RAYMOND FOBBS**                                    **CIVIL ACTION**

**versus**                                          **NO. 14-1423**

**ROBERT TANNER, WARDEN**                            **SECTION: "I" (3)**


### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.[1]

On September 24, 1996, petitioner, Raymond Fobbs, pleaded guilty to simple burglary under Louisiana law and was sentenced to a term of one year imprisonment.[2]  He did not seek direct review of either his conviction or sentence.[3]

_____

[1] Because it is apparent from the face of the petition that this Court lacks jurisdiction, the undersigned has not required the state to file a response to the application.  See Rule 5(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Rec. Doc. 1, p. 55.

[3] Rec. Doc. 1, p. 2.

On June 15, 2012, petitioner filed with the state district court a post-conviction application claiming that his 1996 conviction was invalid because he was not properly advised of his rights when he entered his guilty plea.[4]  That application was denied.[5]  His related writ applications were likewise denied by the Louisiana Fourth Circuit Court of Appeal and the Louisiana Supreme Court.[6]

On June 14, 2014, petitioner filed the instant federal *habeas corpus* application challenging the validity of his 1996 conviction, again arguing that he was not advised of his rights when pleading guilty.[7]  However, federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added).  Once a sentence imposed for a conviction has fully expired, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction.  Maleng v. Cook, 490 U.S. 488, 492 (1989).  Because petitioner's one-year sentence imposed for his 1996 conviction expired almost two decades before he filed the instant federal application, the Court lacks subject matter jurisdiction to entertain this challenge to that conviction.

Out of an abundance of caution, the Court makes an additional observation. Petitioner is currently incarcerated based on a subsequent conviction in 1997, and his sentence in

---

[4] Rec. Doc. 1, pp. 19 and 77-96.

[5] Rec. Doc. 1, pp. 29-40 and 108-10.

[6] Rec. Doc. 1, pp. 126 and 128.

[7] Rec. Doc. 1.

that case was enhanced based on the 1996 conviction.[8]  Therefore, this *habeas corpus* petition could be construed as a petition challenging that related enhanced sentence for which he is "in custody." Maleng, 490 U.S. at 493-94; Silvo v. Cain, Civ. Action No. 09-3692, 2009 WL 3151166, at *2 (E.D. La. Sept. 30, 2009).  However, it would be futile to construe the instant petition in that manner for the following reasons.

First, petitioner has previously filed a § 2254 petition challenging his 1997 state criminal judgment, and that petition was dismissed with prejudice.[9]  As a result, he may not pursue another challenge to that same criminal judgment unless he first obtains authorization from the United States Fifth Circuit Court of Appeals to file a second or successive application.  See 28 U.S.C. § 2244(b).  Because he has not complied with that requirement, this Court lacks jurisdiction to entertain another challenge to the 1997 criminal judgment.  See, e.g., Burton v. Stewart, 549 U.S. 147 (2007); Adams v. Thaler, 679 F.3d 312, 321-23 (5th Cir. 2012).

The Court further notes that, in any event, any challenge to his 1997 enhanced sentence based on an argument that his 1996 predicate conviction was invalid would be foreclosed by Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001).  In Lackawanna, the United States Supreme Court stated:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a

---

[8] See Rec. Doc. 1, pp. 19 and 58.

[9] Fobbs v. Cain, Civ. Action No. 01-1474 (E.D. La. Aug. 14, 2001).

criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Id. at 403-04 (citation omitted).

Petitioner's 1996 conviction is no longer open to direct or collateral attack, in that his sentence for that conviction has fully expired and his limitations period for any such attack ended long ago. Therefore, Lackawanna would clearly prohibit him from challenging his 1997 enhanced sentence in a § 2254 petition on the ground that the 1996 predicate conviction was invalid. See Silvo, 2009 WL 3151166, at *2; Johnson v. Hubert, Civ. Action No. 08-688, 2008 WL 1746727, at *3 (E.D. La. Apr.11, 2008).[10]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Raymond Fobbs be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

---

[10] The Supreme Court noted that the Lackawanna prohibition would not apply when it is argued that the predicate conviction was unconstitutional because it was obtained where there was a failure to appoint counsel as required by Gideon v. Wainwright, 372 U.S. 335 (1963). Lackawanna, 532 U.S. at 404. However, that limited exception is clearly inapplicable in this case. Petitioner was represented by counsel in the 1996 proceeding. See Rec. Doc. 1, p. 55.

The Supreme Court further noted that the Lackawanna prohibition may not apply if the federal *habeas corpus* petition is, effectively, the first and only forum available for review of the challenge to the prior conviction. Lackawanna, 532 U.S. at 405; see also Flot v. Cain, Civ. Action No. 05-6439, 2007 WL 2491388, at *9 n.33 (E.D. La. Aug. 30, 2007). That potential exception is also inapplicable here. Louisiana law clearly allowed petitioner to assert his claims in a timely state post-conviction application directly challenging the 1996 criminal judgment. See La.C.Cr.P. art. 926 *et seq.* He also could have challenged the constitutionality of that conviction and its use to enhance his current sentence in the later multiple offender hearing, see La.Rev.Stat.Ann, § 15:529.1(D)(1)(b), and in any related appeal.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[11]

New Orleans, Louisiana, this nineteenth day of August, 2014.


**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.